UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LONNIE MURRAY,

                Petitioner,

– against –

THE PEOPLE OF THE STATE OF NEW YORK,

                Respondent.

**OPINION AND ORDER**

13 Civ. 5212 (ER) (FM)

Ramos, D.J.:

    Petitioner Lonnie Murray ("Murray" or "Petitioner"), through his counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition") on July 25, 2013. Doc. 1. The undersigned referred the Petition to Magistrate Judge Frank Maas on August 7, 2013. Doc. 3.

    On April 4, 2016, Magistrate Judge Maas issued a Report and Recommendation ("Report" or "R. & R."), recommending that the Court deny the Petition and not issue a certificate of appealability. Doc. 12. Murray, through his attorney, filed a written objection ("Obj.") to the Report on April 15, 2016. Doc. 13. For the reasons stated herein, the Court adopts the Report in its entirety, and the Petition is DENIED.

**I. BACKGROUND**

    The factual background and procedural history relevant to the Petition are set forth in detail in Magistrate Judge Maas' Report. *See* R. & R. at 1–8, Doc. 12.

    This case stems from a dispute with Curtis Phillip ("Phillip"), Murray's downstairs neighbor. The two men had previously argued over noises emanating from their respective apartments. Indeed, Phillip had frequently called either "911" or "311" to file noise complaints.

Phillip's pipes created a noise whenever he turned on the heat, and Murray retaliated by stomping on the floor. *Id.* at 3. On December 27, 2009, Phillip approached Murray while Murray was washing his car outside their building, to confront him about the noise issue. After Phillip asked Murray why he kept stomping on the floor, Murray stated that Phillip was banging on the pipes. *Id.* The parties provide different accounts of how events unfolded during the argument. Phillip alleges that after the two men argued for several minutes, Murray reached into his right-hand coat pocket, displayed what Phillip believed was a silver hand gun, and pointed the gun at Phillip's chest a few feet away. Tr. at 76, Doc. 1–6. In contrast, Murray alleges that he was not holding a gun when Phillip approached him. Obj. ¶ 24, Doc. 13. He claims that the video tape evidence is inconclusive as to the presence of any handgun or anything that could reasonably be perceived as a weapon. *Id.* ¶ 23.

After seeing what he believed was a silver hand gun, Phillip retreated across the street to a nearby park. R. & R. at 3, Doc. 12. Phillip then called the police. *Id.* He informed the dispatcher that he was uninjured but "nervous" and "afraid" that a man who had "just pulled out a gun on [him]" was "going to shoot" him. *Id.* Two uniformed police officers responded to the call, and Phillip proceeded to accompany the officers to the sixth floor of the building, where Murray lived. *Id.* After Phillip identified Murray, the police officers arrested him. *Id.* The police recovered a silver handgun from Murray's apartment shortly after his arrest. *Id.* at 24, n. 9. Murray was charged with menacing in the second degree in violation of N.Y. Penal Law 120.14 (1), and the case went to trial. *Id.* at 1.

During jury selection, potential juror Nicole Cee ("Cee") informed counsel that her sister-in-law lived in the "same house" as her and was an attorney who worked in a "D.A's office" in the sex crimes unit. Tr. at 12–13, Doc. 1–3. She further volunteered that she did not know the

details of her sister-in-law's job duties.  *Id.*  Additionally, potential juror Mary Lublin ("Lublin") disclosed that she was a victim of three crimes, and was only comfortable discussing two of them.  *Id*. at 8–9, 20, Doc. 1–4.  Murray's trial counsel, David Breitbart, Esq. ("Mr. Breitbart"), sought to exclude both jurors for cause but Justice Juan Manuel Merchan denied the challenges.  *Id.* at 34, 44–47.  Justice Merchan noted that Lublin assured the court she could remain fair and impartial and that Cee did not know the details of her relative's tasks in the sex crimes unit.  *Id.* at 47, 49–50.  Mr. Breitbart then exercised peremptory challenges to exclude Cee and Lublin.  *Id.* at 48, 50.

At trial, the People's evidence included the testimony of Phillip and the first two police officers that responded to the scene; an audiotape of the "911" call; and video surveillance tapes.  The videos confirmed that Phillip approached Murray and raised his arm in the air and backed away across the street into a park, but they were inconclusive as to what Murray was holding in his hand.  R. & R. at 4.  Murray presented no evidence at trial.  *Id.*

On October 5, 2011, the jury convicted Murray of menacing in the second degree.  *Id.*  On October 19, 2011, Justice Merchan sentenced Murray to the maximum one-year sentence.  *Id.*  On August 1, 2013, Justice Merchan reduced Murray's sentence to sixty days, followed by three years of probation.  *Id.*  On March 7, 2013, the Appellate Division, First Department, unanimously affirmed Murray's conviction.  *People v. Murray*, 960 N.Y.S.2d 113 (N.Y. App. Div. 2013).  On July 9, 2013, the New York Court of Appeals denied Murray's request for leave to appeal.  *People v. Murray*, 21 N.Y.3d 1018, 2013 WL 4530160 (N.Y. 2013).

On July 25, 2013, Murray timely filed the instant Petition, claiming that:  (1) the trial court improperly failed to excuse several jurors for cause; (2) the jury's verdict was against the weight of the evidence; (3) the trial court's curtailment of defense counsel's cross examination

3

denied Murray a fair trial; (4) certain statements made by the prosecutor during her summation were prejudicial, relieved the People of their burden of proof, and denied Murray a fair trial; and (5) Murray's appellate counsel was ineffective. Mem. of Law in Supp. of Pet'r's Mot. for Habeas Corpus at 5–10, Doc 1 ("Pet'r's Memo") at 2, Doc. 1.

## II. STANDARD OF REVIEW

### A. AEDPA Review of the State Court Proceedings

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214, habeas petitions under 28 U.S.C. § 2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2). This deference is required under the AEDPA if the petitioner's claim "was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d); *see Bell v. Miller*, 500 F.3d 149, 154–55 (2d Cir. 2007).

"Th[e] statutory phrase ['clearly established Federal law, as determined by the Supreme Court of the United States,'] refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 365 (2000). In order for a federal court to find that the state court's application of Supreme Court precedent was unreasonable, the decision must be objectively unreasonable rather than simply incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The factual findings made by state courts are presumed to be correct under the AEDPA, and petitioner has the burden to rebut this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Nelson v. Walker*, 121 F.3d 828, 833 n.4 (2d Cir. 1997).

### B. Review of the Magistrate Judge's Report

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; Fed. R. Civ. P. 72(b)(2). A district court reviews de novo those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) (citations omitted). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted); *see also Genao v. United States*, No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011) ("In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [R. & R.] for clear error.").

## III. MURRAY'S OBJECTION

Murray objects to Magistrate Judge Maas' Report in its entirety. Obj. at 1, Doc. 13. Specifically, Murray asserts that the trial court failed to excuse numerous jurors for cause; the jury's verdict was against the weight of the evidence; appellate counsel was ineffective; the trial court's limitations of the defense counsel's cross-examination precluded Murray from receiving

a fair trial; and the prosecutor's summation contained prejudicial statements which "effectively relieved the People of the burden of proof," denying Murray a fair trial. *Id.* ¶ 4.

**A. Jury Selection**

In support of his first objection, Murray asserts that the trial court's refusal to excuse several alleged biased jurors caused him to exhaust his peremptory challenges, resulting in one biased juror, and thereby violating his Sixth Amendment right to a fair and impartial jury. *Id.* ¶ 6. Specifically, he states that Magistrate Judge Maas incorrectly concluded that Murray did not suffer a constitutional violation. *Id.* ¶ 14. However, Murray had already argued in his original Petition that his constitutional rights were violated as a result of the trial court's actions surrounding the *voir dire*. Pet'r's Memo at 5–10, Doc. 1. Since Murray reiterated his original arguments, his objection does not warrant de novo review of the Report but rather is reviewed for clear error. *See Genao*, 2011 WL 924202, at *1 ("In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [R. & R.] for clear error."); *Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (explaining that if the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error). 28 U.S.C. §2254(b)(1).[1]

The Report is correct in stating that Murray's claim was not exhausted, and that a "habeas court may deny a claim even if it has not been exhausted." R. & R. at 12, Doc. 12. While there are two other bases for bringing an unexhausted claim under § 2254(b)(1)(B), the Court need not

---

[1] Section 2254 states that a petitioner may not obtain review of a claim unless he shows that: 1) he has exhausted all of his available state court remedies; or 2) there was an absence of state corrective process; or 3) circumstances rendered that process ineffective to protect his rights; or 4) the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 5) the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding. 28 U.S.C. § 2254.

consider such bases because there is no sixth amendment violation, as correctly concluded by Magistrate Judge Maas. *Id.* at 13–14, n.8. There is no sixth amendment violation here because the mere loss of a peremptory challenge does not violate a criminal defendant's constitutional rights. *See United States v. Martinez–Salazar*, 528 U.S. 304, 307 (2000) (quoting *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988)). Therefore, as long as the jury that is ultimately selected is fair and impartial, there is no Sixth Amendment violation even if a defendant has to exhaust his peremptory challenges. *Id.*

In determining whether there was a Sixth Amendment violation, the court's inquiry "must focus not on the suspect juror but on the jurors who ultimately sat." *Copeland v. Walker*, 258 F. Supp. 2d 105, 131 (E.D.N.Y. 2003) (alterations omitted) (quoting *Ross*, 487 U.S. at 86). In this case, the Court agrees with Magistrate Judge Maas' observation that a fair and impartial jury was selected. Murray used his peremptory challenges to remove two jurors that he thought would be biased against him—jurors 6 and 10. Tr. 46–50. These jurors did not sit on the jury that convicted Murray. R. & R. at 13, Doc. 12. Therefore, the Court adopts Magistrate Judge Maas' recommendation that this claim be dismissed for the reasons stated in the Report. *Id.* at 12–13.

### B. Weight of the Evidence

Murray also objects to Magistrate Judge Maas' finding that his conviction was not against the weight of the evidence. Obj. ¶ 25, Doc. 13. Murray argues that the evidence presented during trial—the two separate video surveillance recordings, the complaining witness testimony, and the lack of a physical handgun in evidence—resulted in a guilty verdict "against the weight of the evidence." *Id*. ¶ 28. This argument is identical to that of his original Petition. *See* Pet'r's Memo at 2, Doc. 1. Therefore, his objection does not authorize de novo review of the

Report and the Report is reviewed for clear error. *See Genao*, 2011 WL 924202, at *1; *Kirk*, 646 F. Supp. 2d at 534.

While a petitioner's claim that his conviction was contrary to the weight of the evidence is not cognizable on federal habeas review, a habeas court may address the legal sufficiency of the evidence used to convict a defendant. *See Givens v. Burge*, No. 02 Civ. 0842 (JSR) (GWG), 2003 WL 1563775, at *10 (S.D.N.Y. Mar. 4, 2003) (collecting cases). However, a petitioner must meet a "very heavy burden," when challenging the sufficiency of evidence used to convict them or underlying their conviction. *Knapp v. Leonardo*, 46 F. 3d 170, 178 (2d Cir. Jan. 24, 1994) (quoting *United States v. Rosenthal*, 9 F.3d 1016, 1024 (2d Cir. 1993)). To prevail, the petitioner must show that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Bossett v. Walker*, 41 F.3d 825, 830 (2d Cir. 1994) (quoting *Jackson v. Virginia*, 443 U.S. 308, 324 (1989)).

The Court has carefully reviewed Magistrate Judge Maas' Report relating to Murray's sufficiency of the evidence claim and finds no error, clear or otherwise. A sufficiency claim requires a reviewing court to defer to the findings of the trier of fact instead of substituting its own view of the evidence. *See Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). Insofar as there is evidence from which the jury could have drawn an inference favorable to the accused but chose not to, the court must "defer to…. the jury's choice of the competing inferences." *United States v. Kinney*, 211 F.3d 13, 18 (2d Cir. 2000) (quoting *United States v. Morrison*, 153 F.3d 34, 49 (2d Cir. 1998)). For this reason, "the testimony of a single, uncorroborated eyewitness is generally sufficient to support a conviction." *United States v. Danzey*, 594 F.2d 905, 916 (2d Cir. 1979); *see also Edwards v. Jones*, 720 F.2d 751, 755 (2d Cir. 1983) (following *Danzey* even though the testimony and character of the sole witness who directly implicated the petitioner

were "less than inspiring"); *Means v. Barkley*, No. 98 Civ. 7603 (DLC), 2000 WL 5020, at *4 (S.D.N.Y. Jan. 4, 2000) (applying *Danzey* and noting that a habeas court may set aside conviction only if testimony is "incredible as a matter of law") (quoting *Soto v. Lefevre*, 651 F. Supp. 588, 594 (S.D.N.Y. 1986)). Here, Phillip's testimony alone was sufficient to establish the conviction. Therefore, the Court must defer to the decision of the jury. For that reason, the Court adopts Magistrate Judge Maas' recommendation that this claim regarding the sufficiency of the evidence be dismissed. *See* R. & R. at 22–24, Doc. 12.

### C. Ineffective Assistance of Appellate Counsel

Murray asserts that he received ineffective assistance of appellate counsel. Obj. ¶¶ 29–31, Doc. 13. Because the Plaintiff reasserted an argument brought forth in the original Petition, Pet'r's Memo at 2, Doc. 1, the objection is reviewed for clear error. *See Genao*, 2011 WL 924202, at *1; *Kirk*, 646 F. Supp. 2d at 534.

The Court has carefully reviewed the Report relating to Murray's ineffective assistance of appellate counsel claim and finds no error. As correctly stated by Magistrate Judge Maas, an ineffectiveness of appellate counsel claim may be raised in state court only through a *coram nobis* petition. R. & R. at 13–14, n.8, Doc. 12 (*citing Sweet v. Bennett*, 353 F.3d 135, 142 n.7 (2d Cir. 2003) ("In New York, *coram nobis* is the appropriate remedy for ineffective assistance of appellate counsel."). Murray failed to bring such a petition, and therefore failed to exhaust that claim. *Id.* at 14. Accordingly, the Court adopts Magistrate Judge Maas' recommendation that this claim be dismissed for the reasons stated in the Report. *Id.* at 13–14, n.8, Doc. 12.

### D. Defense's Cross-Examination

Murray also objects to Magistrate Judge Maas' finding that his right to mount a defense and confront his accusers was impermissibly infringed. *Id.* at 17; Obj. ¶¶ 32–34, Doc. 13, Doc.

9

12. Specifically, Murray argues that his attorney "should have been permitted to inquire into the relationship between the victim and his mother," who was the chair of the board that was trying to evict Murray and his family, because it would have proved "prejudice" and "bias." Obj. ¶¶ 32–34, Doc. 13. However, Justice Merchan provided Mr. Breitbart an opportunity to proffer an explanation regarding why such line of questioning was relevant, and Mr. Breitbart failed to give any explanation. *See* R. & R. at 16, Doc. 12.

Again, Murray's objection is an attempt to engage this Court in a rehashing of arguments that were already presented to Magistrate Judge Maas. *See id.* at 14–17. While Murray did not specify the precise relevance of Mr. Breitbart's questioning in his original Petition, Magistrate Judge Maas assessed that Mr. Breitbart was given an opportunity to protest, and he failed to do so. *Id.* at 16. Therefore, the Report is reviewed for clear error. *See Genao*, 2011 WL 924202, at *1; *Kirk*, 646 F. Supp. 2d at 534.

Once a state court has issued a decision on the merits, a writ of habeas corpus will not be granted unless the adjudication of the claim resulted in a decision that was either contrary to or involved an unreasonable application of clearly established Supreme Court law. 28 U.S.C. § 2254(d). Habeas relief may only be granted if there was a constitutional violation, which requires that the evidence had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623, 637 (1993). Usually, erroneous rulings by state trial courts on evidentiary issues do not rise to this high level of a constitutional violation. *Id.*

The Court has carefully reviewed Magistrate Judge Maas' Report relating to Murray's cross-examination claim and finds no error, clear or otherwise, that rises to the level of a constitutional violation. Justice Merchan gave Mr. Breitbart wide latitude in questioning Phillip

about the prior noise disputes and the menacing incident. R. & R. at 16, Doc. 12. Justice Merchan's action when he curtailed Mr. Breitbart from inquiring into Phillip's relationship with members of the building's board is not unconstitutional because that inquiry had little relevance to the incident. Hence, the Court adopts Magistrate Judge Maas' recommendation that this claim be dismissed for the reasons stated in the Report. *Id.* at 14–17.

### E. Summation Misconduct

Murray asserts that the prosecution's remarks on summation were prejudicial, relieved the People of their burden, and that the prosecutor misstated the law. Obj. ¶¶ 42–43, Doc. 13. Murray, again, is attempting to engage this Court in rehashing the arguments that were already presented to, and considered by, Magistrate Judge Maas. *See* R. & R. at 17–22, Doc. 12. Thus, the Report is reviewed for clear error. *See Genao*, 2011 WL 924202, at *1; *Kirk*, 646 F. Supp. 2d at 538.

The Court has carefully reviewed Magistrate Judge Maas' Report relating to Murray's Summation claim and finds no error because the claim is both procedurally barred and meritless.

#### 1. Procedurally barred

The standard for determining if a claim is procedurally barred is for the prisoner to demonstrate cause for the procedural default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice." R. & R. at 17–18, Doc. 12 (quoting *Glenn v. Bartlett*, 98 F.3d 721, 724 (2d Cir. 1996)). Unless the prisoner can demonstrate one of these three situations, a finding of procedural default—here, Murray's failure to preserve challenges to the prosecutor's summation—qualifies as an adequate and independent state ground. If a state court's prior denial of a claim rested on an adequate and independent state ground, a federal court may not

consider an issue of federal law raised in a state prisoner's petition for a writ of habeas corpus. *Id.* To demonstrate cause, a petitioner must adduce "some objective factor external to the defense" which explains why he did not raise the claim previously. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Such factors may include: (a) interference by government officials making compliance impracticable; (b) situations in which the factual or legal basis for a claim was not reasonably available to counsel; and (c) ineffective assistance of counsel. *See Murray*, 477 U.S. at 488; *see also Bossett,* 41 F.3d at 829 (quoting *Murray*). A showing of prejudice requires a petitioner to demonstrate that failure to raise the claim previously had a substantial injurious effect on his case such that he was denied fundamental fairness. *Reyes v. New York*, No. 99 Civ. 3628 (SAS), 1999 WL 1059961, at *2 (S.D.N.Y. Nov. 22, 1999). Finally, to establish a fundamental miscarriage of justice, a petitioner must demonstrate that he is "actually innocent." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001).

This Court agrees with Magistrate Judge Maas that Murray failed to demonstrate cause, prejudice, and fundamental miscarriage of justice that can overcome the procedural default of failing to preserve a summation claim. R. & R. at 18, Doc. 12. Murray cannot point to any reason why his counsel could not have raised a detailed objection or proposed a further curative instruction during the trial. *Id.* at 19. Furthermore, Murray cannot demonstrate prejudice because the Appellate Decision observed that it would have upheld the conviction even if his trial counsel had preserved his summation claim. *Id.* at 19. Finally, Murray cannot demonstrate that his conviction amounted to a fundamental miscarriage of justice because there is no

evidence of his actual innocence. On contrary, there is uncontradicted evidence that establishes his guilt.[2] *Id.* Hence, Murray's summation claim is procedurally barred.

### 2. Meritless

For a court to consider a summation claim on its merits, a petitioner must demonstrate that he suffered actual prejudice because the prosecutor's comments during summation had a substantial and injurious effect or influence in determining the jury's verdict. R. & R. at 20, Doc. 12 (citing *Bentley v. Scully*, 41 F.3d 818, 824 (2d Cir. 1994)). An allegation of prosecutorial misconduct during summation requires a court to consider "whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). To determine the extent of the prejudice and unfairness, a court must consider "[a] the severity of the prosecutor's conduct; [b] what steps, if any, the trial court may have taken to remedy any prejudice; and [c] whether the conviction was certain absent the prejudicial conduct." *Id.* (citing *Gonzalez*, 934 F.2d at 424)).

The Court agrees with Magistrate Judge Maas' conclusion that Murray's summation claim should be dismissed even if the Court were to overlook the procedural error. Murray has not demonstrated that he suffered actual prejudice. Murray claims that the prosecutor misstated the law by explaining to the jury that Murray was "charged with threatening someone with one look," and that "the gun could have been a toy gun from K-Mart." R. & R. at 20, Doc. 12. This allegation is baseless because the prosecutor correctly summarized the legal rules when she told the jury that she was required to prove that Murray "intentionally placed or even attempted to

---

[2] Although the evidence of the police's discovering a silver handgun in Murray's apartment was subsequently suppressed on the ground that it had been obtained through an illegal search, it corroborates his guilt. *See* R. & R. at 24, n. 9, Doc. 12.

place....Phillip in reasonable fear of physical injury..." *Id.* at 21. Murray further contends that Justice Merchan did not provide curative instructions and instead merely informed the jury that he would "explain the law." This allegation is similarly baseless because Justice Merchan also correctly instructed the jury to follow his instructions. *Id.* In the absence of any evidence to the contrary, the jurors must be presumed to have followed Justice Merchan's instruction concerning the applicable law. *See Blueford v. Arkansas*, 132 S. Ct. 2044, 2051 (2012); *see also Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985) (explaining the default assumption that jurors carefully follow instructions). There is no evidence that the jury failed to follow Justice Merchan's instructions. Accordingly, the Court adopts Magistrate Judge Maas' recommendation that this claim be dismissed for the reasons stated in the Report. R. & R. at 17–22, Doc. 12.

## IV. CONCLUSION

For the reasons set forth above, the Court adopts Magistrate Judge Maas' Report in its entirety and Murray's petition for a writ of habeas corpus is DENIED. As Murray has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g., Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). The Clerk of Court is respectfully directed to close this case.

It is SO ORDERED.

Dated: June 17, 2019
New York, New York

_____
Edgardo Ramos, U.S.D.J.